UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

'06 MAY 25 P1 :30



UNITED STATES OF AMERICA,

        Plaintiff,

v.                              Case No. 06-CR-39 (JPS)

TOMMIE L. COLE,

        Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and Daniel H. Sanders, Assistant United States Attorney, and the defendant, Tommie L. Cole, individually and by attorney Michael Steinle, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in a one count indictment which allege violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(B), 853, and 860(a).

3.      The defendant has read and fully understands the charge contained in indictment and fully understands the nature and elements of the crime with which he has been charged and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to plead guilty to Count One of the indictment, set forth in full as follows:

THE GRAND JURY CHARGES:

## COUNT ONE

1.  On or about February 3, 2006, in the City of Milwaukee and in the State and Eastern District of Wisconsin,

**TOMMIE L. COLE,**

defendant herein, knowingly and intentionally possessed with the intent to distribute a controlled substance.

2.  The offense involved 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

5.  The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts contained in Attachment A beyond a reasonable doubt. This showing would be made based on the testimony of informants, cooperating co-conspirators, law enforcement officers, and citizen witnesses. The evidence would also include consensual recordings, documents, physical evidence obtained as a result of search warrants, traffic stops and arrests, pen/trap/toll analyses, wiretap monitoring, and physical surveillance. The defendant admits to these facts and that these facts establish his guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in this offense.

## PENALTIES

6. The defendant acknowledges and affirms, pursuant to Title 21, United States Code, Section 851(b), that the defendant committed the offense as alleged in **COUNT ONE** after the defendant had been convicted of the felony drug offense as alleged below in the information filed on May 24, 2004:

> **THE UNITED STATES ATTORNEY CHARGES**:
>
> That on or about May 2, 2001, in the State and Eastern District of Wisconsin,
>
> **TOMMIE L. COLE,**
>
> the defendant herein, was convicted of a felony drug offense, to wit: Manucturing/Delivery of Cocaine, Milwaukee County Circuit Court, Case No. 2001CF000130.
>
> Filed pursuant to Title 21, United States Code, Sections 851(a), 846, and 841(b)(1)(A).

7. The defendant acknowledges and affirms, pursuant to Title 21, United States Code, Section 860(a), that the defendant committed the offense as alleged in **COUNT ONE** of the indictment within 1,000 feet of real property comprising two public elementary schools, namely Twenty-First Street Public School at 212 West Hadley Street, Milwaukee, Wisconsin, and Franklin Public School at 2308 West Nash Street, Milwaukee, Wisconsin.

8. Based on the affirmations in paragraphs 6 and 7 above, the parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following minimum and maximum terms of imprisonment, fine, and supervised release: 10 years to life, $8,000,000, and 8 years to life. The count also carries a mandatory special assessment of $100.00.

3

9. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as a career offender under the sentencing guidelines.

## PROOF OF DRUG WEIGHT FOR STATUTORY MAXIMUM PENALTY

10. The parties understand and agree that for the penalties in Title 21, United States Code, Sections 841(b)(1)(B), 851(b), and 860(a) to apply, as provided in paragraphs 6-8 above, the government must prove beyond a reasonable doubt that the offense to which the defendant is pleading guilty involved 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance. The defendant agrees that the government possesses sufficient, admissible evidence to meet this burden.

## ELEMENTS

11. The parties understand and agree that in order to sustain the charge of possession with intent to distribute a controlled substance as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

First        the defendant knowingly possessed a controlled substance; and
Second     that the defendant did so with the intent to distribute it to another person.

## SENTENCING PROVISIONS

12. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

4

13. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

14. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

15. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history for purposes of assisting the sentencing court in determining the defendant's criminal history category under the sentencing guidelines. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of defendant's criminal history category.

## Sentencing Guidelines Calculations

16. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the

5

defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

17. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty. The parties further acknowledge, understand, and agree to recommend to the sentencing court that the relevant conduct attributable to the defendant is greater than 3.5 kilograms, but less than 5 kilograms of a mixture and substance containing cocaine, a Schedule II controlled substance.

## Base Offense Level

18. The parties acknowledge, understand, and agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is level 30 under Sentencing Guidelines Manual § 2D1.1(c)(5).

## Reckless Endangerment During Flight

19. The parties acknowledge, understand, and agree to recommend to the sentencing court that the defendants base offense level should be increased by 2 levels pursuant to Sentencing Guidelines Manual § 3C1.2 because the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer during the commission of the offense charged in **Count One**.

## Acceptance of Responsibility

20. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

21. Both parties reserve the right to apprise the district court and the probation office of any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The parties further understand that the United States Probation Office will make its own recommendations to the

7

sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the application of the sentencing guidelines and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court may, in certain circumstances, depart either upward or downward from the otherwise applicable guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Forfeiture

27. The defendant agrees that the following assets and properties, all of which are listed in the forfeiture allegation of the Indictment, are subject to administrative, criminal, and/or civil forfeiture:

- a. a ring and earing set with several diamond studs - valued at approximately $3,000 - taken from the person of Tommie Cole upon his arrest on February 3, 2006; and

- b. approximately $429.00 U.S. Currency taken from the person of Tommie Cole upon his arrest on February 21, 2006.

The defendant agrees that the above-listed items were obtained by him in connection with his illegal activity as alleged in the Information. The defendant stipulates to the forfeiture of the listed assets and properties. The defendant agrees to the immediate entry of a preliminary order of forfeiture and waives his right to appear and contest any portion of any and all forfeiture proceedings. The defendant further agrees to take whatever steps are necessary to pass clear title to the government, including but not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures, and signing any other document necessary to effectuate such transfers upon the government's request. The parties acknowledge and understand that the government reserves the right to proceed against any remaining assets not identified in this agreement, including any property in which the defendant has any interest or control, including but not limited to any assets which represent property, real or personal, involved in violations of 18 U.S.C. § 1956 or 1957, or 31 U.S.C. § 5313(a), 5324, or 5316, or are traceable to such property.

## DEFENDANT'S COOPERATION

28. The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward departure from any applicable statutory mandatory minimum and the applicable sentencing guideline range. The defendant acknowledges

and understands that the court will make its own determination regarding the appropriateness and extent to which such cooperation should affect the sentence.

## DEFENDANT'S WAIVER OF RIGHTS

29. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

> a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.
>
> b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.
>
> c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.
>
> d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.
>
> e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from

10

his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of each offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement is meant to limit the rights and authority of the United States of America or any other state or local government

to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## **GENERAL MATTERS**

34. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

35. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

36. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

37. The defendant understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

### **Further Action by Internal Revenue Service**

38. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the second superseding second superseding indictment.

12

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

39. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

40. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5-25-06

_____
TOMMIE L. COLE
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5-25-06

_____
MICHAEL STEINLE
Attorney for Defendant

For the United States of America:

Date: 5/25/06

_____
STEVEN M. BISKUPIC
United States Attorney

Date: 5/25/06

_____
DANIEL H. SANDERS
Assistant United States Attorney

14

# ATTACHMENT A

On February 3, 2006, a citizen, who wished to remain anonymous, informed Milwaukee Police Officer Mark Harms that a subject named TOMMIE COLE would be coming to the 3600 block of N. 22nd St. in Milwaukee, WI to deliver cocaine. The citizen stated that COLE would be driving a black Nissan Armada.

At approximately 5:42 pm, a black Nissan Armada bearing WI registration plate 300JGV stopped in front of 3621 N. 22nd St. Milwaukee Police Officers Henner, Tank, and Lacy pulled in front of the Nissan Armada with their emergency lights and siren activated. The sole occupant of the Nissan Armada, later identified as TOMMIE COLE (B/M, DOB: 5-19-81), put the truck in reverse and accelerated backwards at a high rate of speed into the intersection of N. 22nd and W. Nash St. Police Officers Heidemann and Rhode entered the intersection in their unmarked squad car with the emergency lights and siren activated. The Nissan Armada backed into the squad car causing significant front end damage to the vehicle, and fracturing Officer Rhode's pinkie finger.

The Nissan Armada traveled eastbound on W. Keefe Ave. and then south on N. 20th St. COLE disregarded numerous traffic signals and traveled at speeds of approximately 80mph in a residential area. At N. 20th St. and W. Hadley St. the Nissan Armada struck a motorist causing a property damage only accident. The vehicle continued south and struck a Police call box and then crashed into the building at 2779 N. 20th St.

COLE exited the Nissan Armada and ran eastbound on W. Hadley St. COLE was taken into custody at 2813 N. 20th Ln. in the street. Officer Bell observed a black duffel bag on the drivers seat of the vehicle. The bag contained clothing, a plastic bag containing currency, and bags containing suspected cocaine. The cocaine was conveyed to the Milwaukee Police Department Vice Control Division by Officer Hutchinson. Detective Robert Rehbein received a positive test result for the presence of cocaine. The cocaine was packaged in 6 bags that had the following weights without container: 125.26g, 124.68g, 125.70g, 126.25g, 124.96g, and 18.91g. The total weight was 645.76g. The currency that was recovered was turned over to TFA Wellens. The currency found on COLE totaled $5,377.00, and the currency found in the duffel bag totaled $21,100.00. Four cellular phones were also recovered in the vehicle. Two were functioning US Cellular phones and the numbers were 414-610-0990 and 414-627-5395.

During a post-arrest, *Mirandized*, statement to officers, Cole said that he received 2 kilograms during the early morning hours of February 3, 2006, from JJ Estrada and Estrada's associates.

COLE was convicted on May 2, 2001, in Milwaukee County Circuit Court for the Manufacture/Delivery of Cocaine PTAC (15-40g) and was sentenced to 6 years, three years of confinement and three years on extended supervision. COLE was out on Parole at the time of the above offense.